## Jonas Goddard *versus* Samuel W. Lyman.

A negotiable note payable to three payees may be legally transferred by an indorse-
ment by two of them to the third payee and a stranger; and if this were doubtful,
the further indorsement by the third payee to the stranger will clearly pass the prop-
erty to him.

The maker of a negotiable note, appearing, on the face of it, to have been given in con-
sideration of the transfer of a patent right which proved to be of no value, cannot
set up this want of consideration as a defence to an action by a *bonâ fide* indorsee.

The facts, that a negotiable note appears on the face of it to have been given for a
patent right, and that it has been indorsed to be at the risk and cost of the indorsee,
will not authorize a jury to infer that the indorsee had any knowledge or reason to
suspect that the patent right was of no value and the note without consideration.

ASSUMPSIT for money had and received. At the trial, be-
fore *Shaw* C. J., the plaintiff relied upon a promissory note in
the following form ; " South Hadley, June 23, 1826. For
value received of Edmund Warren, James J. Cutler and Al-
exander Fleming, I promise to pay them or order 200 dollars
and interest in eighteen months from date. S. W. Lyman.
The above note was given for the patent right of E. Warren's
threshing machine." The note was indorsed, " Pay the with-
in to E. Warren and H. A. Green at their risk and cost.
James J. Cutler. A. Fleming." " I order the contents of
this note, so far as I am interested therein, to be paid to H.
A. Green or order. E. Warren." " Pay to Jonas Goddard
at his risk and cost. H. A. Green."

It was objected, that upon the face of the note, it was not
so made and indorsed as to enable the plaintiff to recover.

The defence was, that the note, as appears by the memo-
randum at the foot of it, was given in consideration of a patent
right of E. Warren's threshing machine, that this machine
proved to be of no value, that the plaintiff, taking the note with
notice of the consideration, and at his own risk, took it subject
to the same rights of defence on the part of the promisor, as if
the suit had been brought by the promisee.

It was proved, that the note was indorsed to the plaintiff on
November 10, 1826 ; that during the summer of that year, the
machine was thought by some persons to be a valuable inven-
tion, and that this was doubted by others, but it was not then
satisfactorily tested ; that during the summer and autumn several

machines were constructed and experiments were made, and one machine was constructed as late as the ensuing winter. But it was conceded that the invention proved to be of no value.

The questions reserved for the consideration of the Court were ; —

1. Whether the note was so indorsed as to enable the plaintiff to recover in this action.

2. Whether the case disclosed such a want or failure of consideration as would constitute a good defence in a suit by the promisees against the maker.

3. Whether under the circumstances the defendant can legally make the same defence against the plaintiff, who claims as indorsee.

*Bates* and *Dewey*, for the plaintiff, cited to the point, that the defendant could not set up the want or failure of consideration against the plaintiff, who claims as indorsee, *Russell* v. *Ball*, 2 Johns. R. 50 ; Bayley on Bills, (Phil. and Sewall's edit. 1826,) 349 ; *Brewster* v. *Mʻ Cardell*, 8 Wendell, 478 , *Perkins* v. *Challis*, 1 N. Hamp. R. 254.

*Forbes*, for the defendant, cited to show that the indorse ment was invalid, *Carvick* v. *Vickery*, 2 Doug. 653, note ; *Smith* v. *Whiting*, 9 Mass. R. 334 ; to the point, that there was no consideration for the note, *Bliss* v. *Negus*, 8 Mass. R. 46 ; [and see *Dickinson* v. *Hall, ante, p.* 217 ;] and to the point, that this defence might be made against the plaintiff, claiming as indorsee, 3 Kent's Comm. (1st edit.) 53 ; *Ayer* v. *Hutchins*, 4 Mass. R. 372 ; *Knapp* v. *Lee*, 3 Pick. 452.

WILDE J. afterward delivered the opinion of the Court. The note was indorsed by two of the payees, Cutler and Fleming, and made payable to the other payee, Warren, and to H. A. Green, and this we think was a good and legal transfer to them. It is a well established principle, that a partnership may by indorsement transfer the title to a bill or note to one partner. Bayley, (Phillips and Sewall's edit. of 1826,) 77. And although the payees in this case were not general partners, yet by taking the note payable to them or their order, they made themselves partners as to this transaction, as was decided in *Carvick* v. *Vickery*, 2 Doug. 653, note. This

32 *

*Margin:* Goddard v. Lyman.

*Margin:* Sept. 24th

Goddard
v.
Lyman.

case was eventually decided upon the usage of London, but independently of the usage we consider the principle well settled, that partners or other joint payees of a negotiable note may legally assign it to one of the firm, or one of the joint payees. And it is so laid down by *Parker* C. J. in *Russell* v. *Swan*, 16 Mass. R. 316. By such an indorsement the assent of all the payees to the transfer is manifested, which is sufficient, especially when the indorsees put the note in circulation, as was done in the present case, and it comes into the hands of a *bonâ fide* purchaser. Upon the same principle the indorsement from Warren to Green is valid, and the technical objection to the form of the indorsements fails.

There is also another answer to the objection, which seems to us to be perfectly satisfactory. Admitting, as the plaintiff's counsel contend, that the indorsement by Cutler and Fleming to Warren and Green was not a valid transfer, it nevertheless became valid and effectual by the subsequent indorsement by Warren. For all the payees had then ordered the contents of the note to be paid to Green, and he might well declare upon it as on a note indorsed by them, and made payable to him directly ; for such was the legal effect, if the indorsement by Cutler and Fleming was defective until the indorsement was made by Warren ; and a party is not bound to set out a contract. literally, but may always declare upon it according to its legal effect.

As to the second question, we give no opinion, because supposing the defence set up would be good in an action by the payees, we think it very clear that it cannot be maintained in an action by a *bonâ fide* indorsee.

It has been argued by the defendant's counsel, that the report of the judge discloses circumstances sufficient to justify an inference that the plaintiff had knowledge of some defect in the note ; and the form of the indorsement is principally relied on to maintain this inference. It was indorsed to be " at the risk and costs " of the indorsees ; but this may reasonably be supposed to have relation to the possible insolvency of the maker, and is equivalent to the common form of indorsement *without recourse to the indorser*. But this would not authorize a jury to infer that the plaintiff or any prior indorsee had any knowl-

edge that the patent-right for which the note was given was of no value, or that they had any reason to suspect that such was the fact, nor is there any circumstance in the case which can justify any such inference.

According to the agreement of the parties therefore the defendant is to be defaulted.